PHILLIP A. TALBERT
Acting United States Attorney
ALYSON A. BERG
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-MC-00014-AWI |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $108,522.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 5, 2020, agents with the Department of Homeland Security, Homeland Security Investigations ("HSI") seized Approximately $108,522.00 in U.S. Currency (hereafter "Defendant Currency") at Highway 99 and Avenue 48 in Earlimart, California.

2. HSI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about November 4, 2020, HSI received a claim from Lotrion White asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that law enforcement was involved in the investigation of White's drug trafficking activity which resulted in multiple drug-related seizures of cash, including cash that was transported through the airlines, and cash located in a storage unit rented by White. Law enforcement's investigation continued and on October 5, 2020, learned that White had traveled by airplane from Norfolk, Virginia to Los Angeles, California. Law

enforcement established surveillance on White once he arrived in California and later conducted a traffic stop on White in Tulare County.

4. The United States could further show that law enforcement observed White in a truck speeding on Highway 99 in Earlimart, California. Law enforcement initiated a traffic stop on White and discovered White was the only occupant of the vehicle. Following a search of White's vehicle, law enforcement located a black Louis Vuitton bag which contained a large amount of U.S. Currency, totaling $108,522, the Defendant Currency. The bulk of the currency consisted of 3,828 $20 bills. The money had the strong odor of marijuana.

5. The United States could further show that a search of the truck bed resulted in the location of two suitcases. One suitcase was empty while the other had a minimal amount of clothing. Law enforcement discovered that White was in possession of an RFGS device used to detect hidden cameras and wireless electronic bugs.

6. At trial, the United States could show that White's criminal history includes multiple drug-related arrests including narcotic-related convictions for which he was incarcerated. In 1999, White was convicted of a drug offense for which he received probation. In December 2006, White was convicted of larceny in North Carolina for which he received a prison term of four months. In July and October 2006, White was convicted of felony drug trafficking and served a consecutive prison term of three and a half years. In 2015, White self-surrendered following a search warrant that resulted in the discovery of 214 marijuana plants at a known residence of White. In 2016, White and an associate of White's were arrested in Chesapeake, Virginia for the transportation of approximately 20 pounds of marijuana.

7. The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, Claimant Lotrion White specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Claimant Lotrion White agrees that an adequate factual basis exists to support forfeiture of the Defendant Currency. Lotrion White hereby acknowledges that he is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate

claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, Claimant Lotrion White shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

**ORDER**

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $98,522.00 of the Approximately $108,522.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $10,000.00 of the Approximately $108,522.00 in U.S. Currency shall be returned to Claimant Lotrion White through his attorney, Matthew Owdom.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant Lotrion White waived the provisions of California Civil Code § 1542.

5. No portion of this stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Currency.

IT IS SO ORDERED.

Dated:   June 14, 2021                             _____
                                                                    SENIOR DISTRICT JUDGE